UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OMAR WEISE,<br><br>                    Plaintiff,<br><br>         v.<br><br>FEDERAL BUREAU OF INVESTIGATION, *et al.*,<br><br>                    Defendants. | Civil Action No. 1:20-cv-2572 (JMC) |

**MEMORANDUM OPINION**

Omar Weise, representing himself pro se, alleges that he sent Freedom of Information Act (FOIA) requests to the Federal Bureau of Investigation (FBI), Department of Justice (DOJ), U.S. Marshals Service (USMS), and U.S. Immigration and Customs Enforcement (ICE).[1] After months passed without receiving a response, Weise filed suit in this Court. Weise named three of these four entities in his Amended Complaint as Defendants: the FBI, DOJ, and USMS. ECF 13. These three Defendants filed a Partial Motion to Dismiss, arguing that any claims Weise meant to bring against ICE should be dismissed because he failed to name them as a Defendant. ECF 15-1.

The Court denies Defendants' Partial Motion to Dismiss. Minor pleading defects by a pro se plaintiff do not warrant dismissal of the underlying claims when the plaintiff attempted to rectify their errors and caused no prejudice to defendants. Instead, the Court construes Weise's Response to Defendants' Motion to Dismiss as a Motion to Amend and grants Weise leave to amend his

---

[1] Unless otherwise indicated, the formatting of citations has been modified throughout this opinion, for example, by omitting internal quotation marks, emphases, citations, and alterations and by altering capitalization. All pincites to documents filed on the docket in this case are to the automatically generated ECF Page ID number that appears at the top of each page.

1

complaint pursuant to Federal Rule of Civil Procedure 15(a)(2). Weise's Second Amended Complaint, due on November 23, 2022, should name all the defendants he is suing, and which documents he hopes to get from each Defendant.

## I. BACKGROUND

Weise alleges that in January 2019 he submitted a request to the FBI seeking records related to his 2013 arrest. ECF 13 at 8–9. The FBI responded, stating that it had identified 23,734 documents possibly relevant to Weise's request; according to Weise, production of these records would cost $1,186.70. *Id.* at 9. Weise was concerned that the FBI would redact large portions of these documents, leaving too little information remaining to justify the cost. *Id.* at 9–10. So on June 10, 2019, he modified his request to ask for only "the equivalent of $5.00 or 100 pages for free." *Id.* at 10. When the FBI still did not respond to his modified request, Weise filed suit in this Court on September 8, 2020. ECF 1.

The FBI answered Weise's Complaint on January 14, 2021. ECF 9. About a month later, on February 25, 2021, Weise requested leave to file an amended complaint; he also wanted to litigate factually similar claims against the DOJ, USMS, and ICE. ECF 11 at 3–4. The FBI did not oppose Weise's motion but offered two notes in response. The FBI told Weise that it planned to produce records responsive to Weise's request for "the equivalent of $5.00 or 100 pages for free," and observed that Weise had mistakenly claimed ICE to be a component of the DOJ. *See* ECF 12. After this Court granted Weise's motion, he submitted the same amended complaint that he had included as an exhibit in his motion. ECF 13.

In his Amended Complaint, Weise named the DOJ, FBI, and USMS as Defendants. ECF 13 at 1. Weise alleged that he "requested any records responsive to himself" from each of these

named Defendants, as well as from ICE, but had not yet received a response.[2] *Id.* at 8–11. His Amended Complaint sought declaratory relief ordering the Defendants to produce the requested records. *Id.* at 21.

## II.   LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating a Rule 12(b)(6) motion, the Court "accepts as true all of the factual allegations contained in the complaint and draws all inferences in favor of the nonmoving party." *City of Harper Woods Emps.' Ret. Sys. v. Olver*, 589 F.3d 1292, 1298 (D.C. Cir. 2009).

The pleadings of pro se litigants are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1971) (per curiam). They are "liberally construed" and may be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines*, 404 U.S. at 521).

## III.   ANALYSIS

The need for litigants to comply with the Federal Rules of Civil Procedure sometimes creates tension with the dictate for courts to construe pro se pleadings liberally: Which pleading errors are forgivable, and which doom a complaint? Weise admitted that he made an error—he did

---

[2] Because Weise filed the same Amended Complaint, ECF 13, that was included in his Motion to Amend, ECF 11-1, the Court assumes that Weise meant that he had not received the FBI's responses by the time he filed his Motion on February 25, 2021. The Defendants assume the same in their Answer but contend that the FBI provided its response by June 2021. ECF 16 ¶ 24.

3

not include ICE as a named defendant in his Amended Complaint—but his efforts to correct his mistake in subsequent pleadings and the lack of prejudice to Defendants convince the Court that his error is excusable.

*Richardson v. United States*, 193 F.3d 545 (D.C. Cir. 1999), provides a framework for assessing the consequences of pleading defects by pro se litigants. There, the D.C. Circuit Court reversed the district court's decision not to consider a pro se plaintiff's response in opposition to a motion to dismiss as an amendment to their original complaint. *Id.* at 548. The *Richardson* court relied on four factors to determine that the plaintiff's subsequent pleadings could amend his complaint, *id.*, and this Court applies those same four factors here to reach a similar conclusion.

First, *Richardson* noted that "[c]ourts must construe pro se filings liberally." *Id.* As it pertains to this case, liberal construction means that courts may consider documents filed after a complaint when evaluating a motion to dismiss. *See, e.g.*, *Abdelfattah v. U.S. Dep't of Homeland Sec.*, 787 F.3d 524, 529 (D.C. Cir. 2015) (considering affidavits and exhibits filed by a pro se litigant when evaluating a motion to dismiss). *Richardson* ultimately concluded that courts should "read all of [a pro se plaintiff's] filings together" before granting a defendant's motion to dismiss. 193 F.3d at 548. Therefore, Weise's Response to Defendants' Partial Motion to Dismiss, in which he clarified that he meant to sue ICE, should be considered alongside his Amended Complaint.

The second *Richardson* factor considers the plaintiff's ability to amend their complaint. *Id.* In *Richardson*, the Government had not yet filed a responsive pleading by the time the plaintiff responded to the Government's motion to dismiss, so the plaintiff could have amended his claim as of right. *Id.* Weise has already amended his complaint once and therefore cannot do so as of right, but he has not entirely lost his ability to amend: FRCP 15(a)(2) instructs courts to "freely give leave [to amend] when justice so requires." And in exercising its discretion under this Rule,

the Court is cognizant that "leave to amend is particularly appropriate when a plaintiff proceeds pro se." *Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 877 (D.C. Cir. 1993). So while Factor Two differentiates Weise's case from *Richardson*, that distinction does not automatically snuff out Weise's claim.

The third factor considers whether a plaintiff recognized their error and attempted to fix it in subsequent pleadings. *Richardson*, 193 F.3d at 549. Similar to the plaintiff in *Richardson*, Weise admitted that he "mistakenly state[d that] ICE is a component of DOJ" and asked this Court "to construe his complaint as intending ICE to be [a] defendant." ECF 18 at 2–3.

Finally, *Richardson* asked whether the pleading defect caused prejudice to the defendant. 193 F.3d at 549. This Court notes, as the *Richardson* court did, *id.*, that Defendants have not argued that Weise's mistake caused them any prejudice. Indeed, it is difficult to see how Defendants could be prejudiced by Weise's error because, as they acknowledge, "Defendants cannot be held liable for ICE's alleged failure to respond to Plaintiff's FOIA request." ECF 15-1 at 4. And although permitting Weise to amend his complaint would require ICE to be added as a defendant, the litigation has not yet progressed to a stage where ICE would be significantly prejudiced by their late invitation, either.

The Court thinks that, in addition to the four identified in *Richardson*, one additional factor merits consideration: the materiality of the pleading defect. Some errors are so egregious that the plaintiff must start over from the beginning to preserve judicial efficiency. In this case, the deficiency in Weise's Complaint is minor as compared to other, uncurable defects. *See Lopez v. Postal Regul. Comm'n*, 709 Fed. App'x 13, 16 (D.C. Cir. 2017) (finding that naming the wrong defendant was "insufficient to warrant dismissal" when that claim was brought by a pro se plaintiff).

Analyzing these factors together, the Court concludes that Weise's pleading defect is excusable. Weise is a pro se litigant who recognized his mistake and took steps to correct it in his Response to Defendants' Motion to Dismiss. ECF 18. The Court declines to throw out a pro se plaintiff's claim under these circumstances, especially given the lack of prejudice to Defendants. The Court denies Defendants' Partial Motion to Dismiss, construes Weise's Response brief as a Motion to Amend, and grants Weise leave to amend his complaint pursuant to Federal Rule of Civil Procedure 15(a)(2). Weise's Second Amended Complaint should name all the Defendants that Weise is suing and clarify which documents he hopes to get from each defendant. The Second Amended Complaint is due in 30 days, on November 23, 2022.

### IV. CONCLUSION

For the reasons stated above, Defendants' Partial Motion to Dismiss is DENIED. A separate order will accompany this opinion.

**SO ORDERED.**

DATE: October 24, 2022

_____
Jia M. Cobb
U.S. District Court Judge